**HOLMES, TAYLOR, SCOTT & JONES LLP**
Andrew B. Holmes (SBN: 185401)
abholmes@htsjlaw.com
Patrick V. Chesney (SBN: 267587)
patrick.chesney@htsjlaw.com
617 South Olive Street, Suite 1200
Los Angeles, California 90014
Tel: (213) 985-2200
Fax: (213) 973-6282

*Attorneys for Plaintiff*
Marc G. Mellman

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MARC G. MELLMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>WORKFORCE ENTERPRISES WFE, INC.; WORKFORCE SOLUTIONS WFS LLC; ATLAS EMPLOYMENT GROUP, INC.; SUPERIOR PERSONNEL INC.; HHM MANAGEMENT, INC.; ANDREW D. HERNANDEZ; HELEN MARTINEZ-HERNANDEZ; ANDREW D. HERNANDEZ, JR.; MARIA RAMIREZ HERNANDEZ; GIANNINI & ASSOCIATES TAX SERVICE; THOMAS F. GIANNINI; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-06612<br><br>**DERIVATIVE COMPLAINT FOR:**<br>1) **BREACH OF FIDUCIARY DUTY;**<br>2) **GROSS MISMANAGEMENT;**<br>3) **CORPORATE WASTE; AND**<br>4) **AN ORDER COMPELLING COMPLIANCE WITH INSPECTION RIGHTS** |

Plaintiff Marc G. Mellman ("Mellman"), derivatively on behalf of Workforce Enterprises WFE, Inc.; Workforce Solutions WFS LLC; Atlas Employment Group, Inc.; Superior Personnel Inc.; and HHM Management, Inc. (the "nominal defendants"), alleges the following based upon the investigation of Plaintiff and his counsel, alleges:

## I. NATURE OF THE ACTION

1. This is a shareholder derivative action seeking to remedy the wrongdoing committed by the nominal defendants' directors, officers, and majority owners, who have caused significant damages to the nominal defendants and their minority shareholders and/or owner. Plaintiff asserts claims under state law for breach of fiduciary duty, gross mismanagement, and corporate waste

2. Plaintiff, as a shareholder and/or member, also seeks an Order compelling compliance with inspection rights pursuant to Cal. Corp. Code §§ 1600, 1601, 17704.10, and 17701.13.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332, because this case involves a Plaintiff residing in a state where no Defendant resides, and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the individual defendants each reside in this district and the defendant entities each have their principal place(s) of business in this district.

## III. PARTIES TO THIS ACTION

### A. The Plaintiff

5. Plaintiff MARC G. MELLMAN ("MELLMAN") is an individual residing in West Orange, New Jersey. From at least January 1, 2018 to the present, MELLMAN was the owner of 10% of all stock and/or membership interests in each of the nominal defendants. Plaintiff brings this action derivatively on behalf of the nominal defendants, and individually with regard to the Fourth Cause of Action.

### B.     The Nominal Defendants

6.     Defendant WORKFORCE ENTERPRISES WFE, INC. ("WFE") is a California-based corporation with its registered address in Diamond Bar, California. According to 2013 California Secretary of State ("CASOS") filings, HELEN MARTINEZ HERNANDEZ acted as incorporator, CEO, and CFO, and ANDREW D. HERNANDEZ JR. was Secretary. According to January 11, 2018 CASOS filings, ANDREW D. HERNANDEZ JR. was CEO, Secretary, and CFO, and ANDREW D. HERNANDEZ SR. was a Director. However, according to April 9, 2018 CASOS filings (signed on 3/28/18), HELEN MARTINEZ HERNANDEZ is now the CEO, Secretary, and CFO. On information and belief, prior to October 25, 2017, WFE was owned 50% by ANDREW D. HERNANDEZ SR. and 50% by HELEN MARTINEZ HERNANDEZ.

7.     Defendant WORKFORCE SOLUTIONS WFS LLC ("WFS") is a California-based Limited Liability Corporation with its registered address in Diamond Bar, California. According to CASOS filings, Andrew D. Hernandez Sr. was the Organizer, and ANDREW D. HERNANDEZ JR. is CEO and Manager. WFS is managed by one member, ANDREW D. HERNANDEZ JR. Prior to October 25, 2017, WFS was also 100% owned by ANDREW D. HERNANDEZ JR.

8.     Defendant ATLAS EMPLOYMENT GROUP, INC. ("ATLAS") is a California-based corporation with its primary place of business in Ontario, California. According to CASOS filings, MARIA RAMIREZ HERNANDEZ acted as incorporator, ANDREW D. HERNANDEZ JR. is CEO and Secretary, and ANDREW D. HERNANDEZ SR. is CFO and a Director. On information and belief, prior to October 25, 2017, ATLAS was 100% owned by MARIA RAMIREZ HERNANDEZ.

9.     Defendant SUPERIOR PERSONNEL INC. ("SUPERIOR") is a California-based corporation with its registered address in Los Angeles, California. According to CASOS filings, HELEN MARTINEZ HERNANDEZ acted as incorporator, ANDREW D. HERNANDEZ JR. is CEO and Secretary, and ANDREW

D. HERNANDEZ SR. is a Director. On information and belief, prior to October 25, 2017, SUPERIOR was owned 50% by ANDREW D. HERNANDEZ SR. and 50% by HELEN MARTINEZ HERNANDEZ.

10.     Defendant HHM MANAGEMENT, INC. ("HHM") is a California-based corporation with its registered address in Diamond Bar, California. According to CASOS filings, until a name change filed February 16, 2017, HHM was known as WFE Management Inc. HELEN MARTINEZ HERNANDEZ is CEO and CFO, and ANDREW D. HERNANDEZ SR. is Secretary.

### C.     The Individual Defendants

11.     Defendant ANDREW D. HERNANDEZ JR is an individual residing in the city of Upland, California. He is an officer, director, or manager of WFE, WFS, ATLAS, and SUPERIOR. He is the son of Defendants ANDREW D. HERNANDEZ SR. and HELEN MARTINEZ HERNANDEZ, and he is married to MARIA RAMIREZ HERNANDEZ.

12.     Defendant HELEN MARTINEZ HERNANDEZ is an individual residing in the city of Rancho Cucamonga, California. She is the incorporator of WFE and SUPERIOR, and is married to ANDREW D. HERNANDEZ SR.

13.     Defendant ANDREW D. HERNANDEZ SR. is an individual residing in Rancho Cucamonga, California. He is an officer, director, or manager of WFE, WFS, ATLAS, and SUPERIOR. He is married to HELEN MARTINEZ HERNANDEZ, and he is the father of Defendant ANDREW D. HERNANDEZ JR.

14.     Defendant MARIA RAMIREZ HERNANDEZ is an individual residing in Upland, California. She is the incorporator of ATLAS, and she is married to ANDREW D. HERNANDEZ JR.

### D.     The Accounting Defendants

15.     Defendant GIANNINI & ASSOCIATES TAX SERVICE ("GATS") is a California-based corporation with its primary place of business in Covina, California. GATS is owned or controlled by Defendant THOMAS F. GIANNINI.

16.     Defendant THOMAS F. GIANNINI is an individual residing in or around the city of Covina, California. Mr. Giannini is a Certified Public Accountant, and on information and belief, either individually or through GATS, at all times relevant hereto was the tax accountant for each of the nominal defendants, as well as for individual defendants Andrew D. Hernandez, Helen Martinez Hernandez, Andrew D. Hernandez Jr., and Maria Ramirez Hernandez.

### E.   Doe Defendants

17.     Plaintiff is unaware of the identities of those defendants sued as DOES 1 through 100, and accordingly sues these defendants under such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named defendants, in some manner, proximately caused the damages alleged herein. Plaintiff will seek leave of this Court to amend this Complaint to identify these defendants once their identities are ascertained.

### F.   Aiding, Abetting, and Conspiracy

18.     Plaintiff is informed and believes, and thereon alleges, that in committing the acts herein alleged, defendants, and each of them, were acting as the agents, servants and employees of every other defendant, and were acting in the course and scope of such agency, service, or employment. Plaintiff is further informed and believes, and thereon alleges, that defendants, and each of them, authorized and ratified the acts of every other defendant. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that are the subject of this Complaint.

19.     At all relevant times, Defendants pursued a conspiracy, common enterprise, and common course of conduct to accomplish the wrongs complained of herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, *inter alia*, to benefit the defendants personally to the detriment of the nominal defendants, by engaging in illegal, fraudulent, and wrongful activities. Each Defendant was a direct, necessary and substantial participant

in the conspiracy, common enterprise, and common course of conduct complained of therein, and was aware of his/her overall contribution to, and furtherance of, the conspiracy, common enterprise and common course of conduct. Defendants' acts of conspiracy include, *inter alia*, all of the acts that Defendants are alleged to have committed in furtherance of the wrongful conduct complained of herein.

## IV. GENERAL ALLEGATIONS

### A. The Individual Defendants, with the Assistance of the Accounting Defendants, Underreported the Nominal Defendants' Taxable Income

20. For tax year 2016, GIANNINI, through GATS, filed a return for WFE reporting gross income of $51,935,310. That same return showed the ordinary business income for WFE to be only $204,695.

21. However, WFE's "Profit & Loss" report for calendar year 2016 showed "Funded Sales" of $111,603,898.28, and "Net Income" of $1,202,842.40.

22. On information and belief, similar financial irregularities exist with regard to WFS, ATLAS, SUPERIOR, and HHM, and for several previous years (not just 2016), and continuing to the present – and it is unclear whether tax returns were even filed for these entities.

23. This improper tax reporting had the effect of minimizing the tax liability of the individual defendants.

24. Moreover, on information and belief, corporate formalities were not adhered to by any of the defendants, and as such, for each non-natural defendant, there are no Bylaws, Operating Agreements, Corporate Resolutions, or Meeting Minutes, and no Stock or Membership interest certificates were ever issued.

25. On information and belief, the books and records and tax returns will all need to be audited, and new tax returns will likely need to be filed. As a result, WFE, WFS, ATLAS, SUPERIOR, and HHM will need to pay back taxes, interest, and penalties owed, to the detriment of the nominal defendants and the minority shareholders thereof.

## V.  DERIVATIVE ALLEGATIONS

26. Corporate officers, directors, and majority owners owe the highest fiduciary duties of care and loyalty to the corporation they serve - and to the minority shareholders/members thereof. This action involves a knowing and/or reckless breach of the individual defendant's duties of good faith, loyalty, and care.

27. The fundamental role of officers, directors, and majority owners is to exercise their business judgment, and to act in what they reasonably believe to be the best interests of the business entity and its shareholders/members. In fulfilling that responsibility, directors reasonably may rely on the honesty and integrity of management and expert legal, accounting, financial and other advisors.

28. The individual defendants, as officers, directors, and majority owners of the nominal defendants, failed to live up to their duties when, on information and belief, they knowingly allowed the nominal defendants to work with the accounting defendants to prepare incorrect tax returns. On information and belief, the individual defendants and accounting defendants were fully aware of these incorrect tax returns, or knowingly or recklessly approved or acquiesced to the preparation and submission of these incorrect returns.

29. The officers, directors, and majority owners are responsible for ensuring that business decisions comply with all applicable law and regulations. On information and belief, each of the four individual owners (who are all related by blood or marriage) ratified the nominal defendants' involvement in improperly underreporting taxable income in connection with the accounting defendants. It follows that the individual defendants and accounting defendants either knew of these improper tax reporting activities and failed to stop them or acted in bad faith.

30. A litigation demand would be futile, since each of the four individual owners are related by blood or marriage, and such a demand would ask husband or wife to sue father or son. As such, anyone able to receive a demand is incapable of independently and disinterestedly considering a demand to commence and vigorously

prosecute this action. Such demand is therefore excused, because making a demand would be a futile and useless act.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty**
**(Against All Individual and Accounting Defendants, and Does 1-25)**

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

32. The Defendants owed fiduciary duties, including duties to act with the utmost care, honesty, undivided loyalty and fidelity, to nominal defendants WFE, WFS, ATLAS, SUPERIOR, and HHM, and to the minority owner(s) of those entities, including Plaintiff.

33. On information and belief, ANDREW D. HERNANDEZ SR., HELEN MARTINEZ HERNANDEZ, ANDREW D. HERNANDEZ JR., MARIA RAMIREZ HERNANDEZ, DOES 1-25, and the Accounting Defendants (as aiders and abettors) breached these duties as described above, including but not limited to, *inter alia*, failing to observe corporate formalities, failing to keep accurate books and records, and failing to properly report income to the taxing authorities.

34. The wrongful conduct complained of herein was not due to an honest error in judgment but rather to Defendants' wrongful acts as well as bad faith and/or reckless disregard of WFE, WFS, ATLAS, SUPERIOR, and/or HHM's rights and interests, without reasonable and ordinary care which they owed to WFE, WFS, ATLAS, SUPERIOR, and/or HHM.

35. Defendants have participated in harming the nominal defendants and have breached fiduciary duties owed to the nominal defendants. Defendants – including the accounting defendants – knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted other Defendants in the breach of their fiduciary duties.

36. As an actual and proximate result of their misconduct, each of the nominal defendants (WFE, WFS, ATLAS, SUPERIOR, and HHM) have sustained and will continue to sustain damages and injuries for which there is no adequate remedy at law.

37. The value of these damages will be determined at trial, but is likely well into the six figures, if not higher.

38. In performing the actions described above, defendants acted with oppression, fraud, and/or malice sufficient to justify the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### Gross Mismanagement
### (Against All Individual Defendants, and Does 26-50)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above.

40. By their actions alleged above, Defendants abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the nominal defendants' assets and business in a manner consistent with good practice.

41. As a result of the gross mismanagement, each of the nominal defendants (WFE, WFS, ATLAS, SUPERIOR, and HHM) have sustained and will continue to sustain damages and injuries for which there is no adequate remedy at law.

42. The acts of Defendants were done maliciously, oppressively, and with intent to defraud, and Plaintiff on behalf of the nominal defendants is entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

### THIRD CAUSE OF ACTION
### Waste of Corporate Assets
### (Against All Individual Defendants, and Does 26-50)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

44. By their actions alleged above, including but not limited to failing to properly maintain the nominal defendants' books and records, and failing to ensure that proper taxes were being reported and paid, Defendants have caused the nominal defendants to waste valuable corporate assets by, *inter alia*, incurring legal liability or legal costs to defend Defendants' unlawful actions.

45. As a result of the waste of corporate assets, the nominal defendants have sustained and will continue to sustain damages and injuries for which there is no adequate remedy at law.

46. The acts of Defendants named herein, and each of them, were done maliciously, oppressively, and with intent to defraud, and Plaintiff on behalf of the nominal defendants, is entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**
**For An Order Compelling Compliance With Inspection Rights Pursuant to Cal. Corp. Code §§ 1600, 1601, 17704.10, and 17701.13**
**(Against All Individual Defendants)**

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 above.

48. On April 16, 2018, Plaintiff made written demand (for WFE, ATLAS, and SUPERIOR)[1] to produce and/or allow for inspection:

   a. A current list of the names, addresses and shareholdings of the voting shareholders. (Corp. C. § 1600(a).)

   b. Access to and inspection of the accounting books and records and minutes of proceedings of the shareholders and the board and committees of the board, including the records of each subsidiary of a corporation subject to this subdivision. (Corp. C. § 1601(a).)

      i. The "accounting books and records" should include, but are not limited to, the General Ledger and any/all subsidiary ledgers,

---

[1] By this Complaint, Plaintiff hereby makes these same demands of HHM.

profit and loss statements, balance sheets, and all federal and state tax returns.

49. In that same letter, pursuant to Corp. C. § 17704.10 and 17701.13(d), Plaintiff also requested access, for WFS, to the following:

   a. A current list of the full name and last known business or residence address of each member and of each transferee set forth in alphabetical order, together with the contribution and the share in profits and losses of each member and transferee.
   
   b. If the limited liability company is a manager-managed limited liability company, a current list of the full name and business or residence address of each manager.
   
   c. Copies of the limited liability company's federal, state, and local income tax or information returns and reports, if any, for the six most recent fiscal years.

50. Pursuant to Cal. Corp. Code § 1603 (for corporations), if a request for access was refused, the Court may issue an order enforcing a right of inspection as against "All officers and agents of the corporation…" Cal. Corp. Code § 1603(b).

51. For LLCs like WFS, pursuant to Cal. Corp. Code § 17704.10(b) Plaintiff has the right to inspect and copy any of the records required to be maintained pursuant to § 17701.13, which include, *inter alia*:

   a. Copies of the limited liability company's federal, state, and local income tax or information returns and reports, if any, for the six most recent fiscal years. Cal. Corp. Code § 17701.13(d)(4).
   
   b. Copies of the financial statement of the limited liability company, if any, for the six most recent fiscal years. Cal. Corp. Code § 17701.13(d)(6).
   
   c. The books and records of the limited liability company as they relate to the internal affairs of the limited liability company for at least the current and past four fiscal years. Cal. Corp. Code § 17701.13(d)(7).

52. Pursuant to Cal. Corp. Code § 17704.10(f), (for LLCs), if a request for access was refused, the Court may issue an order enforcing a right of inspection as against an LLC's manager.

53. Despite demand therefore, the individual defendants, as the officers and agents of the nominal defendants, have willfully and without justification failed and refused to provide to Plaintiff the information and/or access required to be provided to him pursuant to the California Corporations Code, despite his request therefor.

54. Accordingly, Plaintiff is entitled to an order compelling the individual defendants forthwith to provide to him, in clearly legible tangible form, for each of the nominal defendants, copies of their:

    a. financial statements for the past four years;

    b. books and records relating to their internal affairs for at least the current and past four fiscal years;

        i. including without limitation, all material contracts relating to their business operations, all documents reflecting payments between the various nominal defendants and all accounting books and records;

    c. federal, state and local income tax returns for each year of the past four years.

55. Pursuant to Cal. Corp. Code § 1604 (for corporations) and/or § 17704.10(g) (for LLCs), Plaintiff is entitled to recover an amount sufficient to reimburse him for his reasonable expenses, including attorneys' fees, in connection with this cause of action.

///
///
///
///
///

HOLMES, TAYLOR, SCOTT & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014

## VII. PRAYER

WHEREFORE, Plaintiff prays that this Court enter a judgment as follows:

**On the Derivative Causes of Action:**

1. Declaring that Plaintiff may maintain this action on behalf of the nominal defendants and that Plaintiff is an adequate representative of the nominal defendants;

2. Declaring that the Individual Defendants and Accounting Defendants have breached and/or aided and abetted the breach of their fiduciary duties to the nominal defendants;

3. Determining and awarding to the nominal defendants the damages sustained by them as a result of the violations set forth above from each of the Individual and Accounting Defendants, jointly and severally, together with interest thereon;

4. Directing the nominal defendants and the Individual Defendants to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect the nominal defendants and their shareholders/owners from a repeat of the damaging events described herein;

5. Determining and awarding to the nominal defendants exemplary damages in an amount necessary to punish the Individual and Accounting Defendants and to make an example of defendants to the community according to proof at trial;

6. Awarding the nominal defendants restitution from the Individual and Accounting Defendants, and each of them;

7. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs, and expenses; and

8. Granting such other and further equitable relief as this Court may deem just and proper.

///
///
///

**On the Direct Cause of Action:**

9. For an order compelling the individual defendants forthwith to provide to Plaintiff in clearly legible tangible form, for each of the nominal defendants, copies of their:

   a. financial statements for the past four years;

   b. books and records relating to their internal affairs for at least the current and past four fiscal years;

   c. including without limitation, all material contracts relating to their business operations, all documents reflecting payments between the various nominal defendants and all accounting books and records;

   d. federal, state and local income tax returns for each year of the past four years.

10. Awarding Plaintiff his attorney's fees and costs pursuant to Cal. Corp. Code § 1604 (for corporations) and/or § 17704.10(g) (for LLCs).

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 31, 2018                    HOLMES, TAYLOR, SCOTT & JONES LLP


By:   /s/ Andrew B. Holmes
      Andrew B. Holmes
      Attorneys for Marc G. Mellman

## VERIFICATION

I, Marc G. Mellman, verify that I am a shareholder and/or member of Workforce Enterprises WFE, Inc.; Workforce Solutions WFS LLC; Atlas Employment Group, Inc.; Superior Personnel Inc., and HHM Management, Inc.

I have reviewed the allegations in this Verified Shareholder Derivative Complaint. As to those allegations of which I have personal knowledge, I believe them to be true; as to those allegations of which I lack personal knowledge, I rely upon my counsel and counsel's investigation, and believe them to be true. Having received a copy of the complaint and reviewed it with counsel, I authorize its filing.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed in _WEST ORANGE_, New Jersey on July 31, 2018.

By: _____
Marc G. Mellman